UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADFORD DARRELL SMITH,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF JOHN D'AGOSTINI,[1]<br><br>Respondent. | No. 2:15-cv-1103 KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

I. Introduction

Petitioner is a county jail inmate, proceeding without counsel and in forma pauperis. Petitioner seeks relief pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that the petition be denied.

II. Factual and Procedural Background

On May 21, 2014, petitioner allegedly took a 1998 Dodge Ram 1500 pickup truck belonging to Randy Farrell Beeler in Yuma County, Arizona. (Respondent's Lodged Document ("LD") 2.) Petitioner was charged with theft of means of transportation of another person by the

---

[1] John D'Agostini is the Sheriff of El Dorado County, and petitioner was housed in the El Dorado County Jail at the time he filed his petition. Thus, D'Agostini is substituted in as the respondent. Fed. R. Civ. P. 25; see also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

Yuma County Superior Court. (LD 2.) On October 21, 2014, petitioner was found in possession of the Ram truck in El Dorado County, California, and charged with, *inter alia*, the unlawful taking of a vehicle. (LD 3.)

On November 3, 2014, petitioner pled guilty to violation of California Vehicle Code § 10851(A) (unlawful taking of a vehicle), and California Penal Code § 29800(A)(1) (possession of a firearm by a felon).[2] State of California v. Smith, No. S14CRF0206 (El Dorado County, Cal.) ("Prior Action"). (ECF No. 1 at 18.) Petitioner was sentenced to serve two years in jail. (Id.)

On November 20, 2014, petitioner was indicted by grand jury in Yuma County Arizona for one count of theft of means of transportation. (LD 2.) On that same day, a warrant for petitioner's arrest on the indictment issued from the Yuma County Superior Court in Arizona. (LD 3.)

On December 1, 2014, a fugitive criminal complaint issued, alleging that petitioner was a fugitive from the State of Arizona within the meaning of California Penal Code § 1551,[3] and was subject to prosecution in Arizona for the crime of theft of means of transportation. People v. Smith, Case No. S14CRF0231 (El Dorado County, Cal.) (ECF No. 1 at 21; LD 4.).

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Section 1551 provides:

> (a) Whenever any person within this State is charged by a verified complaint before any magistrate of this State with the commission of any crime in any other State, or, with having been convicted of a crime in that State and having escaped from confinement, or having violated the terms of his bail, probation or parole; or (b) whenever complaint is made before any magistrate in this State setting forth on the affidavit of any credible person in another State that a crime has been committed in such other State and that the accused has been charged in such State with the commission of the crime, or that the accused has been convicted of a crime in that State and has escaped from bail, probation or parole and is believed to be in this State; then the magistrate shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein, wherever he may be found in this State, and to bring him before the same or any other magistrate who is available in or convenient of access to the place where the arrest is made. A certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant.

Cal. Penal Code § 1551.

On December 9, 2014, in Case No. S14CRF0231, a fugitive hearing regarding petitioner's identity was held. (ECF No. 1 at 23.) Minutes from the December 19, 2014 hearing reflect that:

Petitioner's defense counsel stated that the issue as to the § 1551 charge "is due to double jeopardy based on [petitioner] previously entering a plea as to case S14CRF0206 in El Dorado County; the charges are the same in the States of California and Arizona. Therefore, [petitioner] objects to the 1551 PC." (ECF No. 1 at 23.) A discussion was held concerning the lack of jurisdiction to handle charges in Arizona. (Id.) The court held that petitioner "is the person charged in the 1551 PC complaint/fugitive warrant out of Arizona," and that "[d]ouble jeopardy shall be determined by the State of Arizona." (ECF No. 1 at 23; LD 5.) The waiver of extradition was signed by the court. (Id.)  Off the record, it was noted that pursuant to California Penal Code § 1550.1,[4] petitioner "shall not be extradited pending filing of the writ of habeas corpus." (ECF No. 1 at 23.)

---

[4] Section 1550.1 provides:

> No person arrested upon such warrant shall be delivered over to the agent of the executive authority demanding him unless he is first taken forthwith before a magistrate, who shall inform him of the demand made for his surrender, and of the crime with which he is charged, and that he has the right to demand and procure counsel. If the accused or his counsel desires to test the legality of the arrest, the magistrate shall remand the accused to custody, and fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. If the writ is denied, and probable cause appears for an application for a writ of habeas corpus to another court, or justice or judge thereof, the order denying the writ shall remand the accused to custody, and fix a reasonable time within which the accused may again apply for a writ of habeas corpus. When an application is made for a writ of habeas corpus as contemplated by this section, a copy of the application shall be served as provided in Section 1475, upon the district attorney of the county in which the accused is in custody, and upon the agent of the demanding state. A warrant issued in accordance with the provisions of Section 1549.2 shall be presumed to be valid, and unless a court finds that the person in custody is not the same person named in the warrant, or that the person is not a fugitive from justice, or otherwise subject to extradition under Section 1549.1, or that there is no criminal charge or criminal proceeding pending against the person in the demanding state, or that the documents are not on their face in order, the person named in the warrant shall be held in custody at all times, and shall not be eligible for release on bail.

Cal. Penal Code § 1550.1.

3

On December 16, 2014, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court, which denied the petition. In re the Matter of Radford Smith, Case No. SC20140270 (El Dorado County, Cal.). (ECF No. 1 at 25-26; LD 6-7.) The superior court noted its limited scope of inquiry in "habeas corpus proceedings where a Governor's warrant demanding extradition is in issue," and emphasized that the guilt of petitioner was not at issue. (ECF No. 1 at 25-26.) Petitioner was advised that his effort to "enter a plea of once in jeopardy would need to be entered in the case in Arizona, not the fugitive warrant case here." (ECF No. 1 at 26.)

On December 24, 2014, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 1 at 30.) On January 2, 2015, the state appellate court denied the petition without comment. (ECF No. 1 at 30.)

On March 30, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 1 at 34-40.) On May 13, 2015, the California Supreme Court denied the petition without comment or citation. (ECF No. 1 at 42.)

On April 15, 2015, the Governor of Arizona requested that petitioner, a fugitive facing charges in Arizona, be apprehended and delivered to Yuma County Sheriff Wilmot or his agent, and issued an "Agent's Appointment" authorizing Sheriff Wilmot or his designee to receive petitioner. (ECF No. 14 at 14-15.) On April 30, 2015, a "Governor's Warrant of Rendition" was issued to all sheriffs and other peace officers in California, stating that petitioner "stands charged with committing the crime of Theft of Means of Transportation, while present in the State of Arizona, thereafter fled from the justice of that state, and is now found to be in the State of California"; the Governor of the State of Arizona has demanded that the fugitive be arrested and delivered to Sheriff Wilmot in Arizona; and therefore such law enforcement officers are commanded "to arrest and secure Radford Darrell Smith . . . and to deliver him into the custody of the designated agent(s), to be returned to the State of Arizona." (ECF No. 14 at 16.)

On May 18, 2015, petitioner signed the instant petition. (ECF No. 1 at 17.)

////

////

III. <u>Standards for a Writ of Habeas Corpus</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 562 U.S. 1, 4 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. <u>Thompson v. Runnels</u>, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing <u>Greene v. Fisher</u>, 132 S. Ct. 38 (2011); <u>Stanley v. Cullen</u>, 633 F.3d 852, 859 (9th Cir. 2011) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." <u>Stanley</u>, 633 F.3d at 859 (quoting <u>Maxwell v. Roe</u>, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." <u>Marshall v. Rodgers</u>, 133 S. Ct. 1446, 1450 (2013) (citing <u>Parker v. Matthews</u>, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct.

Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[5] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter,131 S. Ct. at 786-87.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

---

[5] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Richter, 131 S. Ct. at 784-85.  This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).  Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits.  Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013).

IV.  Discussion

Petitioner contends his constitutional rights were violated by the state courts' failure to determine his status as a fugitive from justice.  (ECF No. 1 at 5.)  He asks the court to grant the following relief:  discharge petitioner to lawful sentence in California under Case No. S14CRF0206; bar prosecution of the same offense in Arizona in Case No. S14CRF0231; and stay the fugitive criminal complaint proceedings in Case No. S14CRF0231 until the instant petition is decided.  (ECF No. 1 at 11, 17.)

Respondent argues that because petitioner does not challenge his underlying conviction in Case No. S14CRF0206, but rather challenges his extradition as a fugitive to the State of Arizona Case No. S14CRF0231, petitioner is not "in custody" for purposes of § 2254(a) jurisdiction. Respondent also argues that petitioner's argument based on the principle of double jeopardy fails to state a cognizable habeas claim.  (ECF No. 10 at 8.)

In reply, petitioner contends that he is "in custody" because his incarceration in the California Department of Corrections has been delayed by the fugitive complaint, resulting in his continued housing in the El Dorado County Jail, and allegedly impacting his receipt of good time credits.  (ECF No. 14 at 7.)  Petitioner also argues that because respondent failed to lodge the

Governor's Warrant of Rendition, the "court may review the facts of this case outside the strict parameters of the Extradition Act, 18 U.S.C. § 3182." (ECF No. 14 at 8.) Finally, petitioner argues that his double jeopardy claim is cognizable, because if jeopardy attaches because the criminal charges are the same, petitioner is not a fugitive. (ECF No. 14 at 9-10.)

### A. Is Petitioner "In Custody"?

The writ of habeas corpus is available for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An extradition may be challenged by way of a petition for writ of habeas corpus in federal court. See Roberts v. Reilly, 116 U.S. 80, 94 (1885); Price v. Pitchess, 556 F.2d 926 (9th Cir.), cert. denied, 434 U.S. 965 (1977).

Respondent is correct that a person who is a fugitive does not satisfy the "in custody" requirement of § 2254(a). See, e.g., Gonzales v. Stover, 575 F.2d 827, 827-28 (10th Cir. 1978) (per curiam) (failed to report for sentencing); see also Clark v. Dalsheim, 663 F. Supp. 1095, 1096-97 (S.D. N.Y. 1987) (absconded while on parole). Here, however, petitioner is not just a fugitive from charges in Arizona, but is in physical custody on his underlying criminal conviction in California. "Section 2254 has been interpreted as in effect implementing the general grant of habeas corpus authority found in [28 U.S.C.] § 2241, even if the petitioner is not challenging the underlying state court conviction, so long as the person is in custody pursuant to the judgment of a state court." White v. Lambert, 370 F.3d 1002, 1005-10 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). Because petitioner is in physical custody on his underlying conviction, dismissal is not warranted based solely on the fact that petitioner is not "in custody" on the Arizona charges.

### B. Can a Double Jeopardy Claim be Raised on Habeas Review to Defeat Extradition?

The Extradition Clause of the United States Constitution provides that a person charged with a crime who flees from justice and is found in another state "shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the crime." U.S. Const. Art. IV, § 2, cl. 2. The Extradition Act, 18 U.S.C. § 3182, provides the mechanisms to implement the Extradition Clause.

The Extradition Clause "was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed." Michigan v. Doran, 439 U.S. 282, 288 (1978). Therefore, the scope of habeas review in extradition proceedings is sharply limited. The Extradition Act, 18 U.S.C. § 3182, leaves only four issues open for consideration before the fugitive is delivered once the governor has granted extradition: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. See Doran, 439 U.S. at 289. Although Doran concerned the scope of the habeas inquiry in a state court, its reasoning applies equally to the scope of the habeas inquiry in federal court, because allowing a broad and wide-ranging inquiry in either court would be inconsistent with the summary and mandatory nature of interstate extradition. Cf. Price, 556 F.2d at 928 (habeas inquiry limited in both state and federal courts). This very limited inquiry on habeas review in extradition proceedings precludes prisoners from raising double jeopardy challenges in habeas petitions because there is a

> need to preserve the scheme of interstate rendition set forth in both the Constitution and the statutes that Congress has enacted to implement the Constitution, which scheme "contemplates the prompt return of a fugitive from justice as soon as the state from which he fled demands him." Sweeney v. Woodall, *supra*, 344 U.S. at 90, 73 S. Ct. at 141. . . . It is fundamental to our federal system that neither the courts of the asylum state, nor federal courts sitting in that state, seek to determine the constitutionality of prosecution in the state from which a fugitive has fled. It is for the courts of the charging state in the first instance to adjudicate the merits of appellant's claim.

Price, 556 F.2d at 928.

Here, petitioner submitted a copy of the Governor's Warrant of Rendition with his reply, which confirms that the Governor of Arizona acted on the arrest warrant and requisition for petitioner's extradition. Thus, on habeas review, the court may only address the four issues identified by the Extradition Act, and reiterated in Doran.

C. Do the Four Issues Identified by the Extradition Act Provide Habeas Relief?

Here, as in Doran, the Arizona papers are facially sufficient because an arrest warrant issued stating that the Arizona "court has found reasonable cause to believe that such offense(s)

9

1  were committed and that the accused (petitioner) committed them." (LD 3.) On November 20,
2  2014, petitioner was indicted by a grand jury in Arizona, for one count of theft of means of
3  transportation "by knowingly controlling another person's means of transportation with the intent
4  to permanently deprive the person of the means of transportation, to-wit: 1998 Dodge Ram 1500
5  pickup truck belonging to Randy Farrell Beeler." (LD 2.) On December 19, 2014, the El Dorado
6  County Superior Court held a fugitive hearing regarding petitioner's identity. (LD 5.) The
7  district attorney produced evidence of petitioner's identity, and the court found that petitioner "is
8  the person charged in the 1551 PC complaint/fugitive warrant out of Arizona." (LD 5.) Thus, the
9  first three issues identified in the Extradition Act have been met.

   Petitioner disputes the fourth issue, contending that because the charges in Arizona are the same as the charge he pled guilty to in California, he is not a fugitive based on the principle of double jeopardy. Respondent argues that such argument fails to state a cognizable habeas claim.

   The last reasoned state court decision addressing this question is the December 17, 2014 decision of the El Dorado County Superior Court. (LD 7.) The superior court noted that because there is a limited scope of inquiry in habeas corpus proceedings where a Governor's warrant of extradition is at issue, petitioner's guilt was not at issue.[6] (Id.) The court found that petitioner failed to plead adequate grounds for relief and denied the petition. (Id.)

   A fugitive is one who, having committed a crime in one state, leaves it and is found in another. Appleyard v. Massachusetts, 203 U.S. 222 (1906); People v. Superior Court (Lopez), 130 Cal. App. 3d 776, 784, 182 Cal. Rptr. 132 (Cal. App. 1982) (citing Appleyard).

   Here, petitioner meets the definition of a fugitive because he was charged with theft of means of transportation for taking Mr. Beeler's 1998 Dodge Ram pickup truck in Yuma County Arizona on May 21, 2014. (LD 2.) Petitioner was subsequently found in El Dorado County,

////

---

[6] The court cited California Penal Code § 1553.2: "The guilt or innocence of the accused as to the crime with which he is charged may not be inquired into by the Governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided has been presented to the Governor, except as such inquiry may be involved in identifying the person held as the person charged with the crime." Id.

1  California, on October 21, 2014, in possession of the same pickup truck. (LD 13.) Thus,
2  petitioner is a fugitive as to the Arizona charges and the fourth issue of the Extradition Act is met.
3         Petitioner argues that he is not a fugitive because the principle of double jeopardy
4  precludes his prosecution in Arizona for the same offense he pled guilty to in California. But
5  such argument fails because petitioner cannot plead an affirmative defense to the Arizona
6  criminal charge in California, the asylum state.[7] "As we have repeatedly held, extradition
7  proceedings are "to be kept within narrow bounds"; they are "emphatically" not the appropriate
8  time or place for entertaining defenses or determining the guilt or innocence of the charged
9  party." California v. Superior Court of California, San Bernardino County, 482 U.S. 400, 407
10 (1987). The Ninth Circuit expressly held that double jeopardy cannot be raised to defeat
11 extradition in a habeas proceeding before a federal court sitting in the asylum state. Price, 556
12 F.2d at 926. Because the record reflects that petitioner meets the limited four issues set forth in
13 the Extradition Act and delineated in Doran, 439 U.S. at 289, and his double jeopardy claim is
14 precluded by Price, petitioner is not entitled to habeas relief.[8] Accordingly, the state court's
15 decision was not contrary to or an unreasonable application of clearly established United States
16 Supreme Court jurisprudence, and it was not based on an unreasonable determination of the facts.
17 Therefore, the petition should be denied.
18         D.  Motion to Remain in the South Lake Tahoe Jail
19         Petitioner filed a motion seeking a court order that petitioner remain in the custody of the
20 South Lake Tahoe Jail. In light of the above findings, petitioner's motion should be denied.
21 ////
22 ////
23

---

24 [7] Such finding does not preclude petitioner from raising his affirmative defense to the criminal charge in the Arizona court.
25

26 [8] In the reply, petitioner argues that respondent failed to file the appropriate warrant of rendition, and contends that such failure authorizes the court to review this case outside the parameters of
27 the Extradition Act. (ECF No. 14 at 8.) However, petitioner cites no binding authority to support his novel theory. In any event, petitioner submitted a copy of the Governor's Warrant of
28 Rendition with his reply. (ECF No. 14 at 14-16.)

V. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Petitioner's motion to remain in the South Lake Tahoe Jail (ECF No. 9) be denied; and

2. Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 9, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1103.157